# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| ANTHONY MORRIS WHEELER, | ) |
| Petitioner, | ) |
| v. | ) CAUSE NO. 3:12-CV-238 PS |
| SUPERINTENDENT, Indiana State Prison, | ) |
| Respondent. | ) |

## OPINION AND ORDER

Petitioner Anthony Wheeler, a prisoner confined at the Indiana State Prison, filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, challenging his 1989 Marion County convictions on two counts each of rape, criminal deviate conduct, burglary, and criminal confinement, for which he was sentenced to ninety years imprisonment [DE 1]. Wheeler asserts in his habeas petition that the trial court improperly aggravated his sentence and that his appellate counsel was ineffective. The Respondent has responded to the habeas petition and has filed the state court record.

The Petitioner has now filed a motion to stay the proceedings in this case, in which he asserts that an arrest the sentencing judge took into account when sentencing him to ninety years imprisonment has recently been expunged, and that he intends to file a motion for relief from judgment in state court asking that the state court vacate his sentence and re-sentence him [DE 19]. The first ground of Wheeler's petition for writ of habeas corpus challenges the sentence imposed by the trial court, arguing that the trial court improperly enhanced his sentenced relying on the arrest that has now been expunged [DE 1 at 4-7]. The Respondent has not objected to granting the stay requested by the Petitioner.

The Petitioner states that he "recently completed a Motion for Relief From Judgment (see exhibit B) to place in the hands of facility personnel for mailing to the sentencing court no later than March 13, 2013" [DE 19 at 1]. The motion asks the trial court to vacate his sentence and "re-initiate sentencing without the impermissible and voided aggravator and resentence Wheeler to a reduced/concurrent term" [DE 19 at 15]. Concerns of comity require that the state courts must be given the first opportunity to address and correct violations of their prisoners' federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004).

If the state court agrees with the argument presented in the Petitioner's proposed motion for relief from judgment, vacates his current sentence and re-sentences him as he requests, then ground one of his petition for writ of habeas corpus will be moot. Accordingly, I will stay this case pending the outcome of the Petitioner's efforts to have his current sentence vacated.

Even where a stay "is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in AEDPA." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). "[D]istrict courts should place reasonable time limits on a prisoner's trip to state court and back." *Id.* at 278. District courts "should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days, after state court exhaustion is completed." *Id.*, quoting *Zarvella v. Artuz*, 254 F.3d 273, 381 (2nd Cir. 2001).

For the foregoing reasons, the Court:

1. **GRANTS** the Petitioner's motion to stay habeas proceedings in order to allow him to file a motion for relief from judgment [DE 19], and **STAYS** this petition for writ of habeas

2

corpus pending exhaustion of his state court remedies on the question of whether his sentence has been improperly enhanced by an arrest that has now been expunged from his records;

2. **CONDITIONS** the stay on the Petitioner's pursuing state court remedies within thirty days after the stay is entered, and on his returning to this Court within thirty days after he has exhausted his state court remedies; and

3. **ADVISES** the Petitioner that he should notify this Court when he has exhausted his state court remedies on his unexhausted claim and is ready to proceed with this petition.

**SO ORDERED**.

ENTERED: April 1, 2013        s/ Philip P. Simon
                              PHILIP P. SIMON, CHIEF JUDGE
                              UNITED STATES DISTRICT COURT