UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANTHONY MORRIS WHEELER,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | CAUSE NO. 3:12CV238-PPS |

## OPINION AND ORDER

Anthony Morris Wheeler, a prisoner without a lawyer, filed a habeas corpus petition to challenge his Indiana sentence for rape, criminal deviate conduct, criminal confinement, and burglary under Cause No. 49G04-8807-CF-78324. Following a jury trial, on May 12, 1989, the Marion Superior Court sentenced Wheeler to ninety years of incarceration.

## FACTUAL BACKGROUND

In deciding this habeas petition, I must presume the facts set forth by the State courts are correct unless they are rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Here's the evidence according to the Court of Appeals of Indiana:

> [O]n June 22, 1988, the victim, S.M.A., was approached by Wheeler when she stopped to use the phone on her way home from work. Wheeler asked her for a cigarette. She gave him one and lit it for him and then went home.
>
> S.M.A. had intended to lay out in the sun in her backyard when she got home. Upon arriving home, she placed some pillows in her back yard. She went back inside to change into her bathing suit but did not lock the back door. As she came out of the bathroom, she encountered Wheeler in the hallway. Wheeler had rope wrapped around both hands and was holding a knife. He grabbed S.M.A. by the neck and threw her back into the bathroom into the bathtub causing her to strike her head on the bathtub. Wheeler then forced her to commit an act of fellatio upon him. Next, he turned her around, pulled her bathing suit off, leaned her over the bathtub

and raped her from behind. He ordered her to remain there for a few minutes as he was going to leave.

S.M.A. did not report the above incident to the police. She stayed away from her home for approximately three weeks. Upon S.M.A.'s request, her landlord secured her windows by placing nails into the sills.

On July 21, 1988, Wheeler broke into S.M.A.'s house late at night through a window and attacked S.M.A. as she lay there sleeping on the couch in the living room with her son. Wheeler threatened her with a knife and told her he would cut her throat if she made any noise that might wake up her boyfriend who was sleeping in the bedroom. He also threatened to kill her boyfriend if she should wake him up. Wheeler grabbed S.M.A. by the hair and forced her to commit an act of fellatio upon him. He then forced her to the floor and made her get down on all fours and raped her from behind. Wheeler then led S.M.A. by the arm into the kitchen and later had her walk him to the front door. S.M.A. did not resist because she feared further violence.

Before leaving, Wheeler asked S.M.A. if he could return. She agreed to allow Wheeler to return the following Monday night after 8:00 p.m. She called the police the morning after the second attack. The police were present and arrested Wheeler when he arrived at S.M.A.'s home the following Monday night.

*Wheeler v. State*, No. 49A02–8907–CR–332, slip op. at *2–3. (Ind.Ct.App. Mar. 14, 1991); *see also Wheeler v. State*, No. 49A02–1101–PC–22, slip op. at *1–8 (Ind.Ct.App. Sept. 2, 2011, reh'g denied, trans. denied.

On August 1, 1988, the State charged Wheeler with two counts of burglary as class B felonies (Counts I and V); two counts of criminal deviate conduct as class A felonies (Counts II and VI); two counts of rape as Class A felonies (Counts II and VII); two counts of confinement as class B felonies. (Counts IV and VIII). Counts I through IV stemmed from the incident on July 21, 1988, and Counts V through VIII stemmed from

2

the incident that occurred on June 22, 1988. Following a two-day jury trial that commenced on April 17, 1989, Wheeler was found guilty as charged.

The trial court sentenced Wheeler to an aggregate term of ninety years—thirty-five years for each class A felony conviction and ten years for each class B felony conviction, with the sentences for the felony convictions resulting from each attack to run consecutively to each other and the two sets of four convictions (each set representing one attack) to run concurrently. *Wheeler v. State*, 60 N.E.3d 1144 (Ind. Ct. App. 2016); ECF 44-7 at 2-5.

In the amended petition, Wheeler argues that he is entitled to habeas relief, asserting that the trial court violated his right to due process by improperly relying on inaccurate information to enhance his sentence; that the trial court violated his right to a jury trial by improperly enhancing his sentence based on a fact that had not been submitted to a jury; and that his trial counsel was ineffective for failing to investigate the inaccurate information and challenging it at the sentencing hearing. Though the respondent argues that the jury finding claim and the ineffective assistance of counsel claim are procedurally deficient, I will consider each of Wheeler's three claims.[1]

## STANDARD OF REVIEW

"Federal habeas review . . . exists as a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Woods v. Donald*, 135 S.Ct. 1372, 1376 (2015) (quotations and citation omitted).

---

[1] Federal courts may consider claims for habeas relief under certain circumstances even if such claims are procedurally barred. 28 U.S.C. § 2254(b)(2).

The demanding standard for federal habeas corpus relief from a state conviction is found in 28 U.S.C. § 2254(d):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The Supreme Court has commented on the high hurdle established by the statutory standard:

> [This] standard is intentionally difficult to meet. We have explained that clearly established Federal law for purposes of §2254(d)(1) includes only the holdings, as opposed to the dicta, of this Court's decisions. And an unreasonable application of those holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice. To satisfy this high bar, a habeas petitioner is required to show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Woods*, 135 S. Ct. at 1376 (quotation marks and citations omitted). Criminal defendants are entitled to a fair trial but not a perfect one. *Rose v. Clark*, 478 U.S. 570, 579 (1986). To warrant relief, a state court's decision must be more than incorrect or erroneous; it must be objectively unreasonable. *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quotation marks omitted).

4

## DISCUSSION

### Inaccurate Sentencing Information

Wheeler argues that the Indiana appellate court made an unreasonable determination that the trial court did not violate his right to due process by improperly relying on inaccurate information to enhance his sentence. Specifically, Wheeler argues that in sentencing him for the attacks on S.M.A., the trial court should not have considered the attempted rape he committed while on bond. Notably, Wheeler does not challenge his convictions, but focuses on the trial court's enhancement of his sentence for Class A felonies by five years each and the decision that he serve some of the sentences consecutively.

"A defendant who requests re-sentencing due to the use of inaccurate information at the original sentencing must show both that information before the sentencing court was inaccurate and that the sentencing court relied on the inaccurate information in the sentencing." *Lechner v. Frank*, 341 F.3d 635, 639 (7th Cir. 2003). "A sentencing court demonstrates actual reliance on misinformation when the court gives explicit attention to it, founds its sentence at least in part on it, or gives specific consideration to the information before imposing sentence." *Id.* Additionally, for federal habeas relief, the reliance on the misinformation must have had "a substantial and injurious effect" on the sentence. *Burr v. Pollard*, 546 F.3d 828, 832 (7th Cir. 2008).

At a bond revocation hearing, the prosecution argued for revocation on the basis that Wheeler faced new charges in a separate case, Cause No. 49G06-8809-CF-102000, for a rape attempt that occurred on September 11, 1988. PCR App. 131. Four days later,

5

Wheeler, who matched the general description of the attacker, was found in the vicinity where the attempted rape had occurred. *Id.* at 128-29. He was arrested but released because he did not have the described height or hairstyle of the attacker. *Id.* at 134-36. However, the victim of this attempt later identified Wheeler as the attacker from a photographic array. *Id.* at 128-29. The trial court declined to revoke bond. *Id.* at 142.

Following trial, the jury convicted Wheeler as charged. ECF 44-1 at 4-5. At the sentencing hearing, the prosecution argued that the sentence should account for the September 11 attempt, explaining that the charges had been dismissed only after Wheeler's convictions in the underlying case, to avoid unnecessary use of prosecutorial resources and to spare the September 11 victim from the ordeal of trial. PCR App. 165-66. The prosecution also conceded that the victim failed to appear to two depositions and expressed reluctance to participate in a trial. *Id.* at 161-63. The prosecution argued that the sentence should also account for the need for rehabilitation and the seriousness of the crimes for which Wheeler was convicted, requesting a sentence of one hundred forty years of incarceration. *Id.* at 164-70.

The trial court issued the following ruling:

> I don't think I can ignore the fact that again, while the defendant was out on this particular matter, the 9/11/88 offense was committed. And as the Pre-Sentence Investigation Report indicates, the aggravating circumstances certainly outweigh the mitigating in this particular matter. The aggravating especially being as outlined in the Pre-Sentence Investigation Report, namely, that the defendant is in need of correctional rehabilitative treatment that can best be provided by his commitment to a penal facility; imposition of a reduced sentence would depreciate the seriousness of the offense; and by reason of those matters of aggravation, the Court at this time, Mr. Wheeler, will sentence you to the custody of

> the Indiana Department of Corrections on Count One for a period
> of ten years; Count Two, for a period of thirty-five years; Count
> Three, for a period of thirty-five years; Count 4, for a period of ten
> years; Count Five for a period of ten years; Count Six, for a period
> of thirty-five years; Count Seven, for a period of thirty-five years;
> and Count Eight, for a period of ten years. I will make Counts One,
> Two, Three, and Four run consecutive; Counts Five, Six, Seven, and
> Eight to run concurrent with their respective counterparts, Counts
> One, Two, Three, and Four.

*Id.* at 171-72.

On June 4, 2012, Wheeler filed a petition to expunge arrest records related to the September 11 attempted rape in Cause No. 49G06-8809-CF-102000. ECF 38-1 at 14. At the expungement hearing, Wheeler presented an electronic docket sheet to show that the prosecution dismissed charges on the September 11 incident on March 15, 1989 -- five weeks prior to the jury verdict in the underlying case. ECF 50-1 at 86-90. At the hearing, the prosecution suggested that the dismissal may have been filed in anticipation of a conviction. *Id.* at 5. On February 13, 2013, the Marion Superior Court entered an order expunging the arrest records of Wheeler in connection with the September 11 attempted rape charges. ECF 38-1 at 14.

On April 22, 2013, Wheeler filed a successive petition for post-conviction relief, arguing that the trial court's sentence relied on an aggravating factor based on erroneous information -- the September 11 attempted rape -- and that he received ineffective assistance of counsel because his counsel allowed the trial court to rely on the September 11 attempted rape at the sentencing stage. ECF 44-2. At the evidentiary hearing, the prosecution did not have an independent recollection of the dismissal but

7

noted that the electronic docket system frequently produced errors. SPCR Tr. 31. The post-conviction relief court denied the successive petition. ECF 40-1 at 19.

On appeal, the Court of Appeals of Indiana noted that, at sentencing, the parties and the trial court were aware of the reasons for dismissing the charges for the September 11 incident. ECF 44-7 at 13-14. The appellate court explained that expungement of arrest records would not have prohibited the trial court from considering the September 11 attempted rape during sentencing as uncharged misconduct. *Id.* at 14. The appellate court found no error with respect to the rulings on the due process claim and the ineffective assistance of trial counsel claim. *Id.* at 14-16. The appellate court reasoned that, considering the nature of the offense and the limited effect of the expungement order, "Wheeler's sentence would have likely been the same with or without the mention of his conduct on September 11, 1988." *Id.*

After reviewing the record, I cannot conclude that the State court's determination on the due process claim was objectively unreasonable. Wheeler's claims presume that the expungement order establishes that he did not commit the September 11 attempted rape. Though I understand Wheeler's argument that the expungement court necessarily made this finding considering the operative statute, Ind. Code. § 35-38-5-1, the expungement order did not explain the court's specific reasoning and did not include findings of fact. ECF 38-1 at 14. And no matter the import of the expungement determination in 2013, it was not available to the sentencing court in 1989.

Moreover, even if the expungement order included a finding that Wheeler did not commit the September 11 attempted rape, what effect would this have on the

sentencing court's finding in a separate case that Wheeler committed the September 11 attempted rape? Wheeler essentially suggests that issue preclusion flows backward from the 2013 expungement order to prevent the sentencing court, in a separate case over 10 years earlier, from finding or considering that Wheeler committed the September 11 attempted rape. However, Wheeler did not argue issue preclusion in State court. And in any event, the appellate court stated that the expungement order had no effect on the sentencing decision. ECF 44-7 at 14. ("Wheeler's conduct on September 11, 1988, could be a valid aggravating factor with or without expungement of that arrest record."). I am thus left with the sentencing court's finding that Wheeler committed the September 11 attempted rape. Because Wheeler has not submitted clear and convincing evidence to the contrary, I must accept this finding as true.

Nevertheless, even if the September 11 attempt did not occur, the State court also found that Wheeler's sentence would likely remain the same under these circumstances. ECF 44-7 at 14. At the time Wheeler was sentenced, under Indiana law, sentences for Class A felonies ranged from twenty years to fifty years with a standard term of thirty years, and Class B felonies ranged from six years to twenty years with a standard term of ten years. *Bazile v. State*, 540 N.E.2d 49, 50 (Ind. 1989) (DeBruler, J., concurring and dissenting). "[T]he trial court has the discretion to determine whether a sentence will be enhanced or mitigated due to aggravating or mitigating factors as well as determining whether sentences will be served consecutively or concurrently." *Concepcion v. State*, 567 N.E.2d 784, 790–91 (Ind. 1991). "[T]he nature of the crimes and the manner in which the crimes were committed may be considered as aggravating circumstances." *Id*. at 791.

9

"The decision to enhance the presumptive sentence or to impose consecutive sentences may be based upon the same aggravating circumstances." *Lockard v. State*, 600 N.E.2d 985, 987 (Ind. Ct. App. 1992).

In addition to the September 11 attempted rape, the sentencing court also found that Wheeler's need for rehabilitation in a correctional setting and the nature of the offense were aggravating factors. PCR App. 171-72. Wheeler does not object to these findings, and the nature of the offense finding was supported by evidence that he raped the same victim at knifepoint in her residence on two separate occasions, once in the presence of her young child, and threatened to kill the victim and her boyfriend. Trial Tr. 255-499. The sentencing court was also aware of the deficiencies of the evidence supporting the September 11 attempted rape. PCR App. 130-174.

To challenge the State court's finding that Wheeler's sentence would likely remain the same even if the September 11 attempted rape was not considered, Wheeler cites *Fugate v. State*, 516 N.E.2d 75 (Ind. Ct. App. 1987). In that case, the trial court sentenced a criminal defendant to the maximum sentences for burglary and theft, a total of twelve years, after finding that the defendant also committed arson -- the same offense for which he had been acquitted by a jury. *Id.* at 77-78. The appellate court held that the trial court should not have relied on the arson finding to sentence the defendant, because, under Indiana law,[2] "past acquittals may not be used to enhance

---

[2] By contrast, the Supreme Court of the United States has held that "a jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence." *United States v. Watts*, 519 U.S. 148, 157 (1997).

10

the presumptive sentence for a current conviction." *Id.* at 79. The appellate court, after reviewing the specific details of the case, also found that the sentencing error caused a manifestly unreasonable sentence. *Id.* at 80-81.

*Fugate* is distinguishable in numerous respects. First, Wheeler offers no authority that expungement orders have the same preclusive effect as acquittals under Indiana law. Next, Wheeler's sentence was not as harsh the *Fugate* defendant's sentence in comparison to the maximum sentence. The *Fugate* defendant received the maximum sentence possible with his convictions, *Id.* at 77, but Wheeler could have received a substantially larger sentence -- a maximum of two hundred eighty years. Additionally, the sentencing considerations in *Fugate* are vastly different than those applicable to Wheeler. Succinctly, the *Fugate* defendant was an eighteen year old convicted for the non-violent crime of drunkenly stealing miscellaneous goods from an auction barn through an unlocked back door on a single occasion. *Id.* at 76. For the reasons I have already articulated, Wheeler's crimes were far more serious.

In his appeal of the determination on the successive petition, Wheeler cited *Day v. State*, 560 N.E.2d 641 (Ind. 1990), as authority that the sentence would be different absent consideration of the September 11 attempt. In that case, the trial court issued the maximum sentence to a defendant after finding that his criminal history was an aggravating factor based on petitions alleging offenses committed as a juvenile. *Id.* at 642. The appellate court ordered resentencing, finding that this was an improper consideration because the petitions were filed in a case that concluded without any fact adjudication. *Id.* at 643-44. The appellate court reasoned that "the mere fact that a

petition was filed alleging delinquency does not suffice as proof of a criminal history." *Id.* at 643. By contrast, in the instant case, the prosecution did not rely solely on pleadings to demonstrate the September 11 attempted rape. Though the evidence suggesting that Wheeler committed the September 11 attempted rape was not overwhelming, the allegations were supported by evidence, including the victim's identification of Wheeler from a photographic array. PCR App. 128-29.

In sum, Wheeler has not demonstrated that the sentencing court's finding that he committed the September 11 attempted rape was inaccurate. Even if he had, Wheeler has not shown that the consideration of the September 11 attempted rape had a substantial and injurious effect on the sentence, nor has he shown that the State court's finding that his sentence would have been the same was unreasonable. Therefore, Wheeler's claim that the sentencing court relied on inaccurate information is not a basis for habeas relief.

Ineffective Assistance of Counsel

Wheeler alleges that the State court made an unreasonable determination that his trial counsel was not ineffective for failing to investigate the September 11 attempted rape and challenging its consideration at the sentencing hearing. To prevail on an ineffective assistance of counsel claim in the State courts, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668 (1984). There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the

challenged action might be considered sound trial strategy." *Id.* at 689. The test for prejudice is whether there was a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In assessing prejudice under *Strickland* "[t]he likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011). However, "[o]n habeas review, [the] inquiry is now whether the state court unreasonably applied *Strickland*." *McNary v. Lemke*, 708 F.3d 905, 914 (7th Cir. 2013). "Given this high standard, even 'egregious' failures of counsel do not always warrant relief." *Id.*

The Court of Appeals of Indiana found no prejudice based on the conclusion that the sentencing determination would have likely been the same even if the September 11 attempted rape was not considered. ECF 44-7 at 15-16. As detailed above, Wheeler has not shown that this conclusion was unreasonable; thus Wheeler has not shown that the finding of no prejudice was unreasonable. Therefore, Wheeler's claim of ineffective assistance of trial counsel is not a basis for habeas relief.

<u>Jury Finding</u>

Wheeler also asserts that he is entitled to habeas relief because the trial court enhanced his sentence based on a fact that had not been submitted to a jury -- the September 11 attempted rape. He relies on *Blakely v. Washington*, 542 U.S. 296 (2004). In that case, the Supreme Court of the United States reaffirmed the principle that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond

13

the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 301 (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

Let's suppose that *Blakely* somehow invalidates the scheme under which Wheeler was sentenced. The fact that Wheeler was sentenced fifteen years prior to *Blakely* raises the question of whether *Blakely* applies retroactively. *See Teague v. Lane*, 489 U.S. 288, 310 (1989). The Seventh Circuit Court of Appeals has held that the *Apprendi* rule does not apply retroactively, and its reasoning extends to the *Blakely* rule. *See Curtis v. United States*, 294 F.3d 841, 842 (7th Cir. 2002); *United States v. Davis*, 348 F. Supp. 2d 964, 968 (N.D. Ind. 2004).

Because *Blakely* does not apply retroactively, Wheeler may only assert *Blakely* if it was issued prior to the finality of his conviction. *Teague*, 489 U.S. at 311. Wheeler's conviction became final on direct appeal after the Indiana Supreme Court denied his petition for transfer and after the time for him to petition for certiorari to the Supreme Court of the United States elapsed. *See Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987). Wheeler submitted the petition for transfer on June 1991, indicating that his conviction became final that year. ECF 6-6. Because *Blakely* does not apply retroactively and was issued after Wheeler's conviction became final, Wheeler cannot assert *Blakely* to challenge his sentence. Therefore, Wheeler's claim that the issue of whether he committed the September 11 attempted rape should have been submitted to a jury is not a basis for habeas relief.

CERTIFICATE OF APPEALABILITY

Pursuant to Section 2254 Habeas Corpus Rule 11, I must grant or deny a certificate of appealability. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons explained in this opinion for denying habeas corpus relief, there is no basis for encouraging Wheeler to proceed further. For the same reasons, he may not appeal in forma pauperis because an appeal could not be taken in good faith.

ACCORDINGLY:

The court GRANTS Petitioner Anthony Morris Wheeler's motion for leave to file an addendum (ECF 51); DENIES the habeas corpus petition; DENIES a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; DENIES leave to appeal in forma pauperis pursuant to 28 U.S.C. § 1915(a)(3); and DIRECTS the clerk to enter judgment in favor of the Respondent and against the Petitioner.

SO ORDERED on July 11, 2018.

 /s/ Philip P. Simon
UNITED STATES DISTRICT JUDGE