UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANTHONY MORRIS WHEELER, | |
| Petitioner, | |
| v. | CAUSE NO. 3:12CV238-PPS |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Anthony Morris Wheeler, a prisoner without a lawyer, has filed a motion under Fed. R. Civ. P. 59(e) to reconsider the July 11, 2018 order denying his petition for habeas relief. "A court may grant a Rule 59(e) motion to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996); *Deutsch v. Burlington N. R.R. Co.*, 983 F.2d 741 (7th Cir. 1993).

In the habeas petition, Wheeler argued that the trial court violated his right to due process by improperly relying on inaccurate information to enhance his sentence, and that his trial counsel was ineffective for failing to investigate the inaccurate information and challenge it at the sentencing hearing. ECF 38. Specifically, he argued that the sentencing court should not have considered its finding that Wheeler committed an attempted rape while he was on bond awaiting trial on September 11,

1988. After reviewing the State court record, I denied these claims because Wheeler had not shown that the State court's decisions on these claims were unreasonable. ECF 52.

In the instant motion, Wheeler argues that my order denying the habeas petition relies on the same inaccurate information as the sentencing court and ignores the evidence that exonerated him of the attempted rape. However, the order shows that I considered the exculpatory evidence presented by Wheeler, including the timing of the dismissal of the attempted rape charge, the victim's reluctance to participate in trial, and the victim's initial description of the perpetrator. ECF 52 at 5-8. The sentencing court knew of this evidence as well but found that Wheeler committed the attempted rape after the prosecution informed it of the victim's identification of Wheeler in a photographic array and his proximity to the scene of the crime. *Id.*

Wheeler maintains that the attempted rape finding is erroneous, but, on habeas review, federal courts must credit State court findings unless they are rebutted with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Wheeler counters that the prosecution did not prove that he committed the attempted rape with clear and convincing evidence, but this argument misses the mark. At sentencing, the prosecution was not constitutionally required to prove by clear and convincing evidence that Wheeler committed the attempted rape. S*ee United States v. Watts*, 519 U.S. 148, 156-57 (1997). Instead, the applicable standard was preponderance of the evidence. *Id*. at 156. And on this federal habeas review, it is the petitioner who bears the clear and convincing evidence burden of proof. Though Wheeler raises valid concerns about the strength of the evidence supporting the attempted rape finding,

2

these concerns simply fall short of the clear and convincing evidence necessary to prevail on his habeas claims.

Additionally, Wheeler argues that he is entitled to an evidentiary hearing to prove that he did not commit the attempted rape. "Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings." *Williams v. Taylor*, 529 U.S. 420, 437 (2000). "If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Cullen v. Pinholster*, 563 U.S. 170, 185 (2011). Because the State court decided Wheeler's claims on the merits, the scope of habeas review is limited to the evidence in the State court record. As a result, an evidentiary hearing would be futile, and the request is denied.

Wheeler also argues that the State court erred by determining that his sentence would have been the same even without consideration of the attempted rape. On habeas review, Wheeler must show that this determination is unreasonable, 28 U.S.C. § 2254(d)(1). However, his contention that a lesser sentence was available is insufficient, particularly in light of the other aggravating factors noted by the sentencing court, including the nature of the offense and the need for rehabilitation in a correctional setting. Wheeler has not shown, for example, that the sentencing court increased his sentence by a certain number of years based solely on the attempted rape finding or that individuals who have been convicted in Indiana courts of similar crimes typically receive lesser sentences. At bottom, Wheeler has provided an insufficient basis to

conclude that the State court unreasonably determined that he would have received the same sentence even without the attempted rape.

Relatedly, Wheeler argues that, even if he would have received the same sentence, procedural due process requires a new sentencing hearing with only accurate information. Again, Wheeler misunderstands the deferential nature of federal habeas review. Even assuming the attempted rape finding was inaccurate, Wheeler would be entitled to habeas relief only if he could demonstrate that the trial court's reliance on the misinformation had a substantial and injurious effect on his sentence, *Burr v. Pollard*, 546 F.3d 828, 832 (7th Cir. 2008), or, in the context of his ineffective assistance of counsel claim, if he could demonstrate that the State courts made an unreasonable determination by finding that correcting the misinformation would have not resulted in a lesser sentence, *McNary v. Lemke*, 708 F.3d 905, 914 (7th Cir. 2013). He has not done so, and, as such, he is not entitled to a new sentencing hearing or any other remedy available on habeas review.

ACCORDINGLY:

Because petitioner Anthony Morris Wheeler has not provided new evidence or shown a manifest error or law or fact as required by Fed. R. Civ. P. 59(e), his motion for reconsideration (ECF 55) is DENIED.

SO ORDERED on September 10, 2018.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT